a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ADAM MARTIN,<br>Petitioner | CIVIL ACTION NO. 5:19-CV-1398-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by *pro se* Petitioner Adam Martin ("Martin") (#625715). Martin is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Martin challenges his conviction and sentence imposed in the First Judicial District Court, Shreveport, Louisiana.

Because Martin's Petition contains one exhausted and one unexhausted claim, Martin's Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Martin was convicted of attempted second-degree murder. State v. Martin, 52,674 (La. App. 2 Cir. 5/22/19); 273 So.3d 578, 580. Martin was sentenced as a second-felony offender to 80 years at hard labor, without benefits. The trial court denied Martin's motion to reconsider sentence. Id.

Martin appealed his sentence as excessive. The appellate court affirmed the sentence, and the Louisiana Supreme Court denied writs. State v. Martin, 2019-1087 (La. 10/1/19); 280 So.3d 128 ("[T]he repeated crimes of extreme violence warrant

the district attorney's use of the multiple offender bill and the judge's imposition of a substantial hard labor sentence.") (Chrichton, J., concurring).

In his § 2254 Petition, Martin raises the excessive sentence claim. Martin also alleges that his religious freedom was violated through his conviction because he was hearing evil spirits at the time of the crime. Martin admits that he did not raise this claim in the Louisiana courts. (Doc. 1, p. 6).

## II. Law and Analysis

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

Thus, to establish exhaustion, Martin must have fairly presented the same claims and legal theories he urges in federal court to the Louisiana courts in a procedurally proper manner. Martin clearly admits in his Petition that he did not give all appropriate courts an opportunity to address each of his claims, either on direct appeal or in post-conviction proceedings through the Louisiana Supreme Court. (Doc. 1, p. 6).

Federal law provides for a one-year prescriptive period within which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). Louisiana law allows a petitioner two years from the finality of the conviction within which to file an application for post-conviction relief. La. Code Crim. Proc. art. 930.8(A). The time during which a properly filed application for state post-conviction review is pending shall not be counted against the one-year federal prescriptive period. 28 U.S.C. § 244(d)(2).

The 90-day period from the Louisiana Supreme Court's writ denial within which Martin may seek review in the United States Supreme Court has not yet expired. Therefore, his conviction is not yet final. Martin also has time within which to exhaust his unexhausted claim in the Louisiana courts and to refile the § 2254 Petition in this Court once all claims are exhausted.

A mixed petition should be dismissed without prejudice to allow for complete exhaustion. Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). In

Pliler, the Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust the claims in full; or (2) amend or resubmit the petition to pursue only exhausted claims in the federal district court. Id. at 230–31.

The Supreme Court also addressed the possibility of a stay-and-abeyance in connection with mixed petitions for habeas relief containing both exhausted and unexhausted claims. Pliler, 542 U.S. at 230–31. After Pliler, the Supreme Court held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. Rhines v. Weber, 544 U.S. 269, 278 (2005). The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id. at 277.

Because Martin has provided no excuse for the failure to exhaust, and he still has the entirety of the limitations period within which to do so, the Petition (Doc. 1) should be dismissed without prejudice to Martin refiling once all claims are exhausted, unless Martin voluntarily dismisses or amends his Petition clearly indicating that he wishes to proceed with only the exhausted claim. However, Martin is cautioned that, should he proceed with only the exhausted claim, he may be precluded from bringing the second claim in the future because a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition. See 28 U.S.C. §2244(b)(3)(A).

4

### III. <u>Conclusion</u>

Because Martin's Petition contains one exhausted and one unexhausted claim, IT IS RECOMMENDED that the Petition (Doc. 1) be DISMISSED WITHOUT PREJUDICE to seeking federal habeas review after his conviction becomes final and Martin exhausts all federal claims in the Louisiana courts. However, Martin is provided with the option to, within the fourteen (14) day objection period provided below, amend his habeas Petition to dismiss the unexhausted claim and present only the exhausted claim, bearing in mind the bar on second and successive petitions. <u>Pliler</u>, 542 U.S. at 233 (citing <u>Rose</u>, 455 U.S. at 510).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 16th day of December 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6